UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  11-23355-CIV-MARTINEZ-MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JOSE HERNANDEZ,

    Defendant.
_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (D.E. No. 8).  Plaintiff United States of America ("Plaintiff") filed suit against Defendant Jose Hernandez ("Defendant") pursuant to 28 U.S.C. § 1345 to recover funds expended by virtue of student loans guaranteed by the United States Department of Education of the United States of America in accordance with Title IV-B of the Higher Education Act of 1965, as amended 20 U.S.C. § 1071, *et. seq*.  Plaintiff has now moved for summary judgment, and the time for Defendant to file a response to Plaintiff's motion has passed with no response having been filed.  Accordingly, the Court has considered Plaintiff's motion without a response.  After careful consideration and for the reasons set forth below, this Court grants Plaintiff's Motion for Summary Judgment.

    **II.  Legal Standard**

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  By its very terms, this standard provides that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there will be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).  An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.  *Anderson*, 477 U.S. at 248; *Matsushita Electric Indus. Co.,* 475 U.S. at 586.  It is "material" if it might affect the outcome of the case under the governing law. *Anderson*, 477 U.S. at 248.  In addition, in considering a motion for summary judgment, the Court is required to view the evidence in the light most favorable to the non-moving party.  *Id*. at 255.

If the moving party bears the burden of proof at trial, the moving party must establish all essential elements of the claim or defense in order to obtain summary judgment.  *See United States v. Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 2d 1428, 1438 (11th Cir. 1991).  The moving party "'must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial.'" *Id*. (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting)).  "If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, 'come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.'" *Four Parcels of Real Prop. in Greene and Tuscaloosa Counties*, 941 F. 3d at 1438 (quoting *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.3d 1472, 1477 (11th Cir. 1991)).

*See also* Fed. R. Civ. P. 56(e).

In contrast, if the non-moving party bears the burden of proof at trial, the moving party may obtain summary judgment simply by establishing the nonexistence of a genuine issue of material fact as to any essential element of a non-moving party's claim or affirmative defense. *Celotex*, 477 U.S. at 324. When the non-moving party bears the burden of proof, the moving party does not have to "support its motion with affidavits or other similar material *negating* the opponent's claim." *Id*. at 323 (emphasis in original). The moving party may discharge its burden in this situation by showing the Court that "there is an absence of evidence to support the nonmoving party's case." *Id*. at 324. Once the moving party discharges its initial burden, a non-moving party who bears the burden of proof must "go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. (quoting Fed. R. Civ. P. 56(e)). A non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

### III.  Analysis

On January 12, 1987 and October 27, 1987, Defendant executed promissory notes to secure loans from Centrust Savings Bank. (D.E. No. 8, Exh. A & Exh. B).  The loans were disbursed for $2624.00 on April 7, 1987 and $1,400.00 on November 19, 1987 at 8% interest per annum. (D.E. No. 8, Exh. B).  The loans were guaranteed by the State of Florida, Department of Education, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071

*et seq*. *Id*. The holder of the promissory notes, Centrust Savings Bank, demanded payment and credited $7.00 in outstanding principal owed on the loan. *Id*. The borrower defaulted on the obligation on March 7, 1989, and the holder filed a claim on the guarantee. *Id*. The guaranty agency, the State of Florida, Department of Education, paid a claim in the amount of $4,607.78 to the holder. *Id*. The Department of Education then reimbursed the State of Florida, Department of Education under its reinsurance agreement. *Id*.

Pursuant to 34 C.F.R. § 682.410(b)(4), once the guaranty agency pays on a default claim, the entire amount becomes due to the guarantor as principle. *Id*. The guaranty agency attempted to collect the amount owed from Defendant but was unable to collect the full amount due. *Id*. Accordingly, on June 24, 1996, the guaranty agency assigned its right and title to the loan to the Department of Education. *Id*. After the Department credited payments from all sources, including Treasury Department offsets, if any, the Defendant's balance due on the notes as of March 29, 2010 was $4,494.14. *Id*.

On June 30, 1987, the Defendant executed another promissory note to secure a loan from the National School of Technology for $1,000.00 at 5% per annum. (D.E. No. 8, Exh. C). The National School of Technology made the loan under the federally-funded National Defense/Direct Student Loan, now Perkins Student Loan, programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087aa *et seq*. (D.E. No. 8, Exh. D). The National School of Technology demanded payment and Defendant defaulted on the obligation on October 16, 1989. *Id*. Due to this default, the National School of Technology assigned all of its rights and title to the loan to the Department of Education. *Id*. After crediting all cancellations due and payments received, the borrower owed the school $1,000.00 principal and $75.51 interest.

*Id*.  This principal and interest, together with unpaid charges totaled $1,107.51.  *Id*.  The loan was then assigned to the Department of Justice on June 12, 1991.  *Id*.  After crediting payments from all sources, including any Treasury Department offsets, the Defendant's balance on this note as of March 29, 2010 was $715.06.  *Id*.

The preceding facts are undisputed.  Defendant has not offered any evidence to create a genuine issue of material fact.  Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Plaintiff's Motion for Summary Judgment (D.E. No. 8) is **GRANTED**.  Plaintiff shall recover $4,744.87 of unpaid principal plus the amount of $1152.29 in unpaid interest from Defendant.  A final judgment shall be entered by separate order.  This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.  It is Plaintiff's responsibility to immediately provide a copy of this order and the Final Judgment entered in this case to Defendant.

DONE AND ORDERED in Chambers at Miami, Florida, this 29 day of February, 2012.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record